Jian X. HUANG, Petitioner,

v.

US DEPT. OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.

No. 04–40390.

United States Court of Appeals, Second Circuit.

April 28, 2005.

(On submission) Jian Xin Huang, Brooklyn, NY, for Petitioner.

(On submission) David N. Kelley, United States Attorney for the Southern District of New York, Michael R. Holden, Ramon E. Reyes, Jr., Assistant United States Attorneys, New York, NY, for Respondents.

Present: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

Jian X. Huang, a citizen of the People's Republic of China, petitions for review of a July 16, 2003 order of the Board of Immigration Appeals ("BIA") denying Huang's motion to reopen his application for asylum and withholding of removal. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Huang previously petitioned this Court to review the BIA's denial of his application for asylum and withholding of removal; that petition was dismissed for lack of jurisdiction, as it was untimely filed. *Huang v. INS,* No. 02–8408 (2d Cir. Mar. 21, 2003); *see also Malvoisin v. INS,* 268 F.3d 74, 75 (2d Cir.2001) ("[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."). Such a "judgment remains effective to preclude relitigation of the precise issue of jurisdiction or venue that led to the initial dismissal." 18A Charles A. Wright et al., *Federal Practice and Procedure: Jurisdiction* § 4436, at 149 (2d ed.2002).

Huang now petitions this Court to review the BIA's denial of his motion to reopen the same application for asylum and withholding of removal. However, his appellate brief challenges only the denial of the underlying asylum application. As such, Huang has waived any challenge to the BIA's denial of the motion to reopen. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (argument deemed waived where not raised in *pro se* litigant's appellate brief).

The petition is hereby **DENIED.** The outstanding motion for stay of removal is hereby **DENIED** as moot.