**Sukhwinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4505–AG.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Sukhwinder Singh, Middle Village, NY, for Appellant, pro se.

Richard E. Rosberger, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Sara Shudofsky, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, JACOBS, and Circuit Judges.

## SUMMARY ORDER

Petitioner Sukhwinder Singh seeks review of an order dated February 13, 2003, in which the Board of Immigration Appeals ("BIA") denied Singh's motion to reopen his removal proceedings. We assume familiarity with the prior proceedings and record in this case.

In his petition, Singh challenges only the order of removal issued against him in August 1999, arguing that the Immigration Judge ("IJ") erred in denying his applications for relief and ordering him removed. The case law is clear, however, that this court lacks jurisdiction to review either the IJ's removal order or the BIA's December 2002 decision affirming the IJ's decision. Pursuant to 8 U.S.C. § 1101(a)(47)(B)(2004), a removal order becomes "final" upon the earlier of (i) a determination by the BIA affirming the removal order or (ii) at the expiration of the period of time in which the alien is permitted to seek review by the BIA of such an order.

Furthermore, we have held that an appeal from a final order of removal and an appeal from the denial of a motion to reopen removal proceedings require " 'two separate petitions filed to review two separate final orders.' " Zhao v. DOJ, 265 F.3d 83, 89 (2d Cir.2001) (quoting Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Singh's order of deportation became final on December 9, 2002; he did not file a petition for review of this order within the statutory 30–day time period. See 8 U.S.C. § 1252(b)(1)(2000). Accordingly, this court does not have jurisdiction to consider the merits of either the IJ's order of removal or the BIA's December 2002 decision affirming that order. See Malvoisin v. INS, 268 F.3d 74, 75 (2d Cir.2001) (compliance with the 30–day deadline is a "strict jurisdictional prerequisite"); Zhao, 265 F.3d at 90 (holding that "[b]ecause [on petition to review BIA order denying motion to reopen] we are precluded from passing on the merits of the underlying exclusion proceedings, petitioner's assertions [relating to the hearing before the IJ] are not before us").

Although we do have jurisdiction to review the BIA's February 2003 denial of

Singh's motion to reopen his removal proceedings, Singh addresses only the merits of the underlying removal order; he has not challenged the BIA's denial of the motion to reopen. Accordingly, he has waived any challenge to that order. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (argument deemed abandoned when not raised in *pro se* litigant's appellate brief).

We have carefully considered Singh's remaining arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.