**Yan Rong ZHAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Service, Respondents.**

**Docket No. 03–40230.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2005.

Yan Rong Zhao, Brooklyn, NY, for Petitioner, pro se.

James G. Martin, United States Attorney for the Eastern District of Missouri; Deborah L. Golemon, Assistant United States Attorney, St. Louis, Mo., for Respondents.

Present: CARDAMONE, POOLER, RAGGI, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be and it hereby is DENIED.

Yan Rong Zhao petitions for review of orders of the Board of Immigration Appeals ("BIA") (1) dated October 2, 2002, dismissing his appeal from an order of an immigration judge denying him asylum and withholding of removal and affirming that decision; (2) dated April 30, 2003, denying his request for reopening of the BIA's prior decision; and (3) entered July 1, 2003, denying reconsideration of the April 30, 2003, order. He filed his petition for review on July 15, 2003. We assume the parties' familiarity with the factual background, proceedings below, and specification of issues on appeal, and hold as follows.

We lack jurisdiction to review the October 2, 2002, and April 30, 2003, orders because Zhao did not file a timely petition for review of either of them. *See Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001) (holding that "compliance with the [thirty-day] time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite"); *Zhao v. DOJ*, 265 F.3d 83, 89 (2d Cir.2001) (ruling that order affirming exclusion and order denying motion to reopen or reconsider that order are separate and final orders).

We review the BIA's decision not to reopen a prior order for abuse of discretion. *See id.* at 93. The BIA did not abuse its discretion in denying Zhao's motion to reopen because Zhao failed to adequately allege or support his claim that poor advice from prior counsel prevented him from furnishing the new evidence at issue. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005) (citing *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993) (describing the BIA's "evidentiary requirements for asserting" claims of ineffective assistance of counsel as grounds for relief from a final order of deportation)).

We therefore deny Zhao's petition for review as well as his motion for a stay of deportation.