**Emil Vesselinov KOUNIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40287 NAC.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

Edward J. Cuccia, New York, NY, for Petitioner.

Robert C. Grisham, Assistant United States Attorney for the District of Idaho, Boise, ID, for Respondent.

PRESENT: WINTER, CALABRESI, and POOLER, Circuit Judges.

**UPON DUE CONSIDERATION,** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Emil Vesselinov Kounin ("Kounin") petitions for review of a June 25, 2003 order of the BIA denying his motion to reopen. We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, Kounin challenges the BIA's determination that he failed to exercise due diligence in providing the BIA with evidence of changed circumstances, namely, his wife's

2001 attainment of permanent resident status in Canada.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. U.S. INS*, 232 F.3d 124, 128 (2d Cir.2000). Abuse of discretion may be found where the Board's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary and capricious manner." *Zhao v. U.S. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed within ninety days of the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). However, even if the ninety-day statute of limitations has passed, the BIA may entertain a motion to reopen in the interest of justice, and, for example, for "asylum claims which arise due to a change in circumstances in the country of the alien's nationality after the initiation of the deportation proceedings." *Iavorski*, 232 F.3d at 131. The BIA will not grant a motion to reopen "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005) (citing 8 C.F.R. § 1003.2(c)(1) (formerly 8 C.F.R. § 3.2(c)(1))). In this case, the evidence provided with Kounin's motion in the BIA indicated that Kounin's wife had fled from Bulgaria and relocated in Canada in November 2001, while Kounin's appeal to the BIA was pending. However, as the BIA properly concluded, Kounin failed to demonstrate why he had not presented the evidence of her relocation before April 2003, when he filed his motion to reopen. Thus, the BIA did not abuse its discretion in denying the motion.

To the extent Kounin attempts to appeal the BIA's prior order affirming an immigration judge's denial of relief to Kounin, we lack jurisdiction to review. *See Malvoisin v. INS*, 268 F.3d 74, 74 (2d Cir. 2001).