**MIN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–2766–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

Min Chen, New York, NY, for Petitioner, pro se.

Allen F. Loucks, United States Attorney, Nadira Clarke, Assistant United States Attorney, United States Attorney's Office for the District of Maryland, Baltimore MD, for Respondent.

Present: CABRANES, RAGGI, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED, and the BIA's 2004 Order is AFFIRMED.

Petitioner Min Chen ("Chen"), petitions, *pro se,* for review of the BIA's decision denying his motion for reconsideration of the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) *(per curiam).* An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34. "The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regu-

---

**1.** Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

lations." *Id.* at 234 (internal quotation marks omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

This Court lacks jurisdiction to review a petition that is filed more than thirty days after the date of the BIA order. *See* 8 U.S.C. § 1252(b)(1); *Malvoisin v. INS,* 268 F.3d 74, 76 (2d Cir.2001). Although a petitioner may file a motion to reopen or reconsider with the BIA, such a motion will not extend the time to appeal from a final order of removal. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89 (2d Cir. 2001). Because Chen filed his petition for review in May 2004, this Court has jurisdiction to review the BIA's April 2004 order ruling on Chen's motion for reconsideration, but not the February 2004 order affirming the IJ's denial of asylum, withholding of removal, and CAT relief. *See Malvoisin,* 268 F.3d at 76; *Zhao,* 265 F.3d at 89.

The BIA did not err by denying the motion to reconsider. Chen alleged that the IJ erred by basing the adverse credibility determination on minor inconsistencies and submitted an affidavit to clarify those inconsistencies. However, although Chen submitted an affidavit that allegedly clarified the inconsistencies found by the IJ, he did not address all of the inconsistencies upon which the IJ based his opinion and the affidavit further highlighted such inconsistencies, in that Chen "clarified" that both he and his wife indicated that the authorities contacted Chen's wife in 2001 and told her to turn him in, but, as noted by the IJ, Chen submitted a docu-

ment indicating that the incident occurred in 2000.

For the foregoing reasons, the petition for review is denied and the BIA's order is affirmed.