Kabalu Kabasele BADIMU, Petitioner,

v.

Alberto R. GONZALES,[1] Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Respondents.

No. 04–1894–AG.

United States Court of Appeals, Second Circuit.

March 31, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Kabalu Kabasele Badimu, Asheville, North Carolina, for Petitioner, pro se.

Paul I. Perez, United States Attorney; Karin B. Hoppmann, Assistant United States Attorney, Appellate Division, Tonya L. Shotwell, Assistant United States Attorney, Asset Forfeiture Division, Tampa, Florida, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Kabalu Kabasele Badimu, *pro se*, petitions for review of the BIA's February 3, 2004 decision, which dismissed Badimu's appeal from the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and which also denied his coinciding motion to remand asserting new claims. Badimu further petitions for review of the BIA's March 16, 2004 decision denying his motion to reconsider the February 3, 2004 decision. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Initially, we note that we do not have jurisdiction to review the February 3, 2004 decision, because Badimu's petition, which was filed on April 16, 2004, is untimely. *See* 8 U.S.C. § 1252(b)(1) (setting forth 30–day deadline in which to appeal final orders of the BIA); *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001) (noting that "compliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite"); *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 89 (2d Cir.2001) (explaining that filing a

motion for reconsideration before the BIA does not toll the time for filing a petition for review of an underlying order). However, we may review the March 16, 2004 decision, even though the petition for review was filed one day after the deadline expired, because Badimu was detained at the time he filed his petition for review and may accordingly take advantage of the inmate filing rule set forth in Fed. R.App. P. 25(a)(2)(C). *See Arango–Aradondo v. INS*, 13 F.3d 610, 612 (2d Cir.1994). Badimu has submitted documentation demonstrating his compliance with this rule. Accordingly, we consider the merits of his petition as to the March 16, 2004 decision alone.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao*, 265 F.3d at 90.

Here, the BIA abused its discretion in denying Badimu's motion for reconsideration because its explanation for the denial—that Badimu had failed to raise specific alleged errors of law or fact in the BIA's prior decision—was wrong. Badimu's motion for reconsideration clearly pointed to an error in the BIA's understanding of names for ethnic tribes in the Congo, an understanding that played a

large part in the BIA's prior decision. Moreover, the motion also noted that the BIA's prior decision wrongly asserted that he failed to explain why he had not raised the issue of his ethnicity before the IJ. In fact, he had explained to the BIA that his ethnicity became relevant to his application for asylum only after the hearing had taken place because only then did he learn of attacks on his family that had taken place at least in part because of their ethnicity around the time of his hearing. The BIA was not compelled to accept Badimu's explanations, but its statement that he had not raised specific alleged errors cannot be justified. In not recognizing these allegations of error on the part of the BIA, the BIA abused its discretion.

For the foregoing reasons, the petition for review is GRANTED and the decision of the BIA is VACATED and the matter REMANDED.