Amrik SINGH, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 03–4968–AG.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Amrik Singh, Bellerose, New York, for Petitioner.

Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Robert G. Trusiak, Assistant United States Attorney, Buffalo, New York, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. THOMAS J. MESKILL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 31st day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Amrik Singh, a citizen of India, proceeding *pro se*, petitions for review of an order of the BIA, entered on May 2, 2003, denying his motion to reopen the proceedings in which his application for asylum and withholding of removal were denied. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The only issue before this Court is whether the BIA acted within its discretion in denying Singh's motion to reopen or reconsider. See *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (an appeal from a final order of exclusion or deportation and an appeal from a denial to reopen or reconsider that final order involve two separate petitions filed to review two separate final orders). Even if this Court were to liberally construe Singh's *pro se* petition to be a petition for review of the orders of the IJ and BIA denying his original application, that petition would fail, as the present petition is timely only as to the order denying the motion to reopen. *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001) (thirty-day time limit is mandatory).

In a motion to reconsider, the movant claims that the decision of the IJ or BIA was based on errors of law or fact, *Zhao*, 265 F.3d at 90, whereas a movant bringing a motion to reopen seeks to offer material evidence that was previously unavailable, *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). Despite the conflicting language in his motion, Singh's motion appears to be a motion to reopen rather than a motion to reconsider, as Singh attached to his motion articles discussing instances of torture in India. Further, rather than specify errors of law or fact in the BIA's decision, as required in a motion to reconsider, Singh simply reiterated the claims that he had made in his previous proceedings before the IJ and BIA.

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1)(2005); *Kaur*, 413 F.3d at 234. The motion will not ordinarily be granted "unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir.2005). The denial of a motion to reopen is reviewed for an abuse of discretion. *Kaur*, 413 F.3d at 233.

The BIA properly denied Singh's motion to reopen because Singh had failed to address the IJ's adverse credibility determination, which alone provided a sufficient basis for the denial of his application. Al-

though Singh challenges the IJ's adverse credibility determination in the present petition, this Court will not consider "bases for relief that were not raised below." *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).