**Shpetim BALLA, Anjeza Balla, Petitioners,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–41041–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

---

Charles Christophe, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Tina E. Sciocchetti, Assistant United States Attorney, Albany, New York, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Shpetim and Anjeza Balla, through counsel, petition for review of a BIA decision denying their motion to reopen their removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

As a preliminary matter, petitioners' brief is almost exclusively devoted to attacking the merits of the BIA's order affirming the IJ's original removal order. We have no jurisdiction to consider these arguments because petitioners did not file a timely notice of appeal from the first BIA order. See Zhao v. DOJ, 265 F.3d 83, 89 (2d Cir.2001); Malvoisin v. INS, 268 F.3d 74, 75 (2d Cir.2001).

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Kaur, 413 F.3d at 233–34; Zhao, 265 F.3d at 93

The BIA did not abuse its discretion in denying the Ballas' motion to reopen. The BIA reasonably found that the Ballas had submitted no evidence with their motion that demonstrated changed conditions in Albania or that was material to their claim that they would face persecution if returned to Albania. See 8 C.F.R. § 1003.2(c). Although the Ballas claimed in their motion that "the last country report" showed a campaign of arrests, beatings, and killings of opposition party members by gangs loyal to the Socialist Party, not only did they fail to include any report with their motion to reopen, but the 2000 State Department Report on Human Rights Practices in Albania that they attempted to submit with their original appeal to the BIA, was available prior to their merits hearing. Further, neither of the two documents that the Ballas submitted were sufficient to overcome Immigration Judge Theresa Holmes–Simmons's credibility finding or to establish a well-founded fear of persecution. The declaration from Shpetim's mother states that, on July 2, 2003, some activists of the Socialist Party came to the mother's house and questioned the mother about the past activities of Shpetim, because he was "an

activist of the democracy as many young people at that time." The declaration then states, "Shpetim don't come back to Albania because if so, you'll be put in prison." However, the BIA could reasonably find that nothing in the declaration calls into question the IJ's finding that Shpetim did not show that he was a member of the Democratic Party, or that the alleged incidents of persecution that he claimed, actually took place. Moreover, the declaration does not assert that the Socialist Party will imprison, persecute, or torture Shpetim, but only claims that his mother was visited for two or three hours by party activists. Although the BIA did not mention the declaration from Anjeza Balla's father, as with the declaration from Shpetim's mother, nothing in the declaration calls into question the IJ's findings. Further, the declaration gives no indication that the alleged surveillance of the parents' house by a Socialist Party activist took place after the Ballas' merits hearing in December 2001. Finally, the assertion in the letter that if "Anjeza comes back to Albania she will have hard consequences," is not linked by her father to the "surveillance" by the Socialist Party activist.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).