Sandia MALVOISIN,
Petitioner/Respondent,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent/Movant.

Docket No. 01–4001.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 27, 2001.

Decided Oct. 3, 2001.

Ralph J. DiPietro, DiPietro & Peppard, Grand Neck, NY, for Petitioner/Respondent.

Megan L. Brackney, Assistant United States Attorney (Janet Reno, United States Attorney General, Mary Jo White, United States Attorney, Kathy S. Marks, Assistant United States Attorney, Gideon A. Schor, Assistant United States Attorney, Diogenes P. Kekatos, Assistant United States Attorney, and William Slattery, of counsel), New York, NY, for Respondent/Movant.

Before WINTER, STRAUB, and POOLER, Circuit Judges.

WINTER, Circuit Judge:

Sandia Malvoisin, a citizen of Haiti, petitions for a review of a deportation order issued by an immigration judge and affirmed by the Board of Immigration Ap-

peals ("BIA"). Malvoisin did not file her petition within the statutory deadline but argues that her failure to do so is excused because of extraordinary circumstances. The Immigration and Naturalization Service ("INS") has moved to dismiss her petition for lack of jurisdiction. We conclude that we lack jurisdiction and grant the motion.

## BACKGROUND

██ After concluding that Malvoisin had illegally entered and stayed in this country, an immigration judge ordered Malvoisin's removal from the United States. According to the immigration judge's findings, Malvoisin had: (i) committed fraud or made a willful misrepresentation of a material fact to procure admission into the United States; (ii) falsely claimed to be a citizen of the United States; and (iii) stayed in the United States without a valid immigrant visa or other entry document. See 8 U.S.C. § 1182(a)(6). Malvoisin, represented by counsel, appealed the deportation order to the BIA. In her appeal, she asked for asylum in the United States, explaining that she feared for her safety if she were to return to Haiti.

On December 1, 2000, the BIA dismissed Malvoisin's appeal and affirmed the deportation order. At that time, Malvoisin was incarcerated by the INS in a facility located in York, Pennsylvania. She asserts that her attorney failed to inform her of the BIA's decision. On December 28, 2000, Malvoisin was transferred to another facility located in Jamaica, New York, at which time she learned of the BIA's December 1 actions. On January 3, 2001, represented by a new attorney, she filed the present petition for review of the BIA's dismissal of her appeal and moved for an emergency stay of deportation. The INS, in response, filed a motion to dismiss, arguing that Malvoisin's petition was untimely and that we therefore lack jurisdiction.

## DISCUSSION

Under the Immigration and Nationality Act, a "petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The BIA rendered such a final order on December 1, 2000 when it dismissed Malvoisin's appeal and affirmed the immigration judge's deportation order. Accordingly, Malvoisin had thirty days from that date to file her petition for review.

Because December 31, 2000 fell on a Sunday and January 1, 2001 was a holiday, the effective final day for Malvoisin to file her petition was January 2, 2001. See Fed. R.App. P. 26(a)(3). Because she did not file her petition until January 3, 2001, it was untimely.

Malvoisin argues that her delay was excusable because she never heard from her first attorney about the BIA's December 1, 2000 order and learned of it only after arriving at the Jamaica facility on December 28, 2000, in the middle of the holiday season. At that time, she immediately obtained a new attorney.

██ Although Malvoisin's reasons for the failure to file a timely petition might be cause for extending the deadline under a more liberal standard, compliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite. See Zaluski v. INS, 37 F.3d 72, 73 (2d Cir.1994) (per curiam); Stajic v. INS, 961 F.2d 403, 404 (2d Cir. 1992) (per curiam). When a petition is filed late, "we have no authority to consider" it. Arango–Aradondo v. INS, 13 F.3d 610, 612 (2d Cir.1994). Although our precedents on this issue addressed an earlier

statute with a more generous deadline, "the [new] reduced time period does not change the jurisdictional nature of the statutory requirement." *Stajic,* 961 F.2d at 404. We thus lack jurisdiction.

 We note that under the Federal Rules of Appellate Procedure, a district court may grant a limited extension of time to file a notice of appeal based on excusable neglect or good cause. *See* Fed. R.App. P. 4(a)(5)(A)(ii). However, this rule applies to appeals from district courts and not to review of agency orders. *See* Fed. R.App. P. 20; *see also Reich v. Occupational Safety and Health Review Comm'n,* 998 F.2d 134, 136–37 (3d Cir. 1993); *Mesa Airlines v. United States,* 951 F.2d 1186, 1189 (10th Cir.1991). Instead, we are expressly prohibited from extending the prescribed time, even for good cause, to file "a notice of appeal from or a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review an order of an administrative agency." Fed. R.App. P. 26(b)(2); *see also Mesa,* 951 F.2d at 1189. The "rule for review of agency proceedings grants no discretion to enlarge the time for filing." *Kessenich v. CFTC,* 684 F.2d 88, 93 (D.C.Cir.1982).

For the reasons indicated, we lack jurisdiction and dismiss the petition. The motion to stay deportation is denied as moot.