Sabuj HOSSAIN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General,* Respondent.

No. 03–4345.

United States Court of Appeals,
Second Circuit.

June 28, 2005.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David A. Bowen, Bowen & Melbourne LLC, New York, NY, for Petitioner.

Jeffrey P. Ray, Assistant United States Attorney for the Western District of Missouri (Todd P. Graves, United States Attorney, on the brief), Kansas City, MO, for Respondent.

Present: NEWMAN, SOTOMAYOR, Circuit Judges, and CHIN,** District Judge.

Petitioner Sabuj Hossain ("Hossain" or "petitioner") petitions for review of a January 31, 2003 order of the BIA, denying petitioner's motion to reopen and reconsider the BIA's prior October 9, 2002 decision

** The Honorable Denny Chin, United States District Judge for the Southern District of

affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. Hossain, a citizen of Bangladesh, claims that members of a rival political party razed his shop in Bangladesh and murdered his father, and that he fears persecution and arrest for his political beliefs should he be forced to return to that country. We assume the parties' familiarity with the facts and procedural history of the case.

■ In addition to challenging the BIA's January 31, 2003 order, Hossain contests the BIA's October 9, 2002 order affirming without decision the IJ's denial of asylum and withholding relief. Because Hossain did not timely appeal the 2002 decision, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(b)(1); *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001). In addition, while Hossain petitioned for review of the BIA's motion to reconsider and reopen, in his briefs he only argued the motion to reopen. Thus, his petition to review the motion to reconsider is waived. *Cf. Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

■ We review for an abuse of discretion the BIA's denial of the motion to reopen. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000); *see also* 8 C.F.R. § 3.2(a) (2003) (redesignated 8 C.F.R. § 1003.2(a) (2005)) (decision on motion to reconsider or to reopen committed to BIA's discretion). Hossain failed to set forth "new facts" that were "supported by affidavits or other evidentiary material" to "be proven at a hearing to be held if the motion [was] granted," 8 C.F.R § 3.2(c)(1) (2003) (redesignated 8 C.F.R.

New York, sitting by designation.

§ 1003.2(c)(1) (2005)), that would have demonstrated sufficient "changed circumstances" in Bangladesh to justify a motion to reopen, 8 C.F.R. § 3.2(c)(3)(ii) (2003) (redesignated 8 C.F.R. § 1003.2(c)(3)(ii) (2005)). Hossain contends that the 2001 Country Reports filed with his motion to reopen corroborated his testimony regarding corrupt police partisanship relating to political activity, and his attendant fears of police persecution. While Hossain's original testimony alleging police corruption relating to political activity put the IJ on notice of these arguments, the IJ's ultimate finding of incredibility relating to his claims of political persecution did not relate to police activity but rather turned on Hossain's apparent lack of any political affiliation or belief. Therefore, the BIA did not abuse its discretion in finding that the consequences of the 2001 election did not alter the BIA's original decision that Hossain had failed to establish that the adverse actions allegedly experienced by Hossain were on account of the enumerated statutory grounds. The documents that Hossain attempted to file with the BIA, both during his first administrative appeal and in his motion to reopen, bear fax dates prior to the date of the original IJ proceeding. Thus, Hossain has failed to show that the documents were "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2(c)(1) (2003) (redesignated 8 C.F.R. § 1003.2(c)(1) (2005)).

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.