**Guo Ping ZOU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, IM-MIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

Docket No. 04–2270.

United States Court of Appeals,
Second Circuit.

Sept. 9, 2005.

Guo Ping Zou, New York, NY, for Petitioner, pro se.

Andrew J. Lay, Assistant United States Attorney for the Eastern District of Missouri (James G. Martin, United States Attorney), St. Louis, MO, for Respondent, of counsel.

PRESENT: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Guo Ping Zou, a citizen of China, petitions this Court *pro se* for review of an April 5, 2004, order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider the BIA's denial of his January 12, 2004, motion to reopen. In his petition, Zou also asserts that his asylum application was unfairly denied in July 2002, his appeal was unfairly dismissed in December 2003, and his motion to reopen was unfairly denied in February 2004. Zou applied for asylum, withholding of removal, and relief pursuant to the Convention Against Torture in 2001.

Our review is limited to the BIA's denial of Zou's motion to reconsider. *See Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001). We review the BIA's denial of such a motion for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). The BIA abuses its discretion where its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Zou's motion to reconsider. A motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 CFR § 1003.2(b)(1). Zou's motion, the BIA rightly concluded, failed to establish any errors of fact or law in the prior BIA decision. In his motion, Zou acknowledged that he did "not have new facts" or evidence, but simply asserted that the IJ's decision was "unfair" and "improperly made." Because the BIA did not abuse its

discretion in denying Zou's motion to reconsider, we must deny Zou's petition for review.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.