**Muhammed K. JAVED, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40243–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2005.

Muhammed Khawar Javed, Forest Hills, New York, for Petitioner, pro se.

Robert P. Brouillard, Assistant United States Attorney for the Western District of Washington, Seattle, Washington, for Respondent.

Present: CABRANES, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Muhammed Khawar Javed petitions for review of the June 26, 2003 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings or to reconsider the prior BIA decision affirming his order of removal.

Javed's claims for asylum, withholding of removal, and relief under the Convention Against Torture were denied on July 13, 2001, based on an Immigration Judge's finding that Javed's testimony was not credible and that he had failed to meet his burden of proof through corroborative evidence. Javed, who was represented by counsel at the time, appealed this decision to the BIA, but, by order dated October 24, 2002, the appeal was summarily dismissed because Javed's counsel (Jaspreet Singh of Roman & Singh, LLP) failed to file a brief or statement despite having indicated that he would do so in the notice of appeal. Neither Javed *pro se* nor his counsel filed a timely petition for review of the BIA order and we lack jurisdiction to review the BIA's final order. *See Malvoisin v. INS*, 268 F.3d 74, 75–76 (2d Cir. 2001) (holding that an alien's failure to file a timely petition for review deprives this Court of jurisdiction to review a final order even when the alien's counsel failed timely to advise the alien of the BIA decision).

Javed, through the same counsel, months later filed a "motion to reopen" with the BIA. The motion included an affidavit by Javed that merely restated his fear of returning to Pakistan, provided no new facts or arguments, and simply argued that the BIA should reopen proceedings and "in the interest of justice." The BIA denied Javed's motion on June 26, 2003, reasoning that it could find "no basis" to grant the requested relief.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004). An abuse of discretion in denying a motion to reopen may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001)(internal quotations omitted)).

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is

material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005). Failure to offer such evidence or the movant's failure to establish a prima facie case for the underlying substance relief sought, therefore, are proper grounds on which the BIA may deny a motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In contrast to a motion to reopen, "a motion to reconsider must specify the errors of fact or law in the BIA's decision and be supported with pertinent authority. 8 C.F.R. § 1003.2(b); Motions & Appeals, 61 Fed. Reg. At 18,904." *Ke Zhen Zhao*, 265 F.3d at 90. As the Fifth Circuit has explained, the BIA may properly deny such a motion where the movant fails to "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA [previously] overlooked." *Yu Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir.2005).

The BIA did not abuse its discretion in this case because Javed's motion failed to point to any errors in the BIA's prior decision or to allege any new facts to support Javed's claims. Indeed, even now, in his brief in support of his petition for review, Javed still fails to point to any flaws in the agency's decision-making, and instead merely restates his underlying claim for relief.

For the foregoing reasons, the petition for review is DENIED, and the outstanding motion for a stay of removal is DENIED as moot given our disposition of the petition for review.