**Myo KYWE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–4490AG(L), 04–6366AG(CON).**

United States Court of Appeals, Second Circuit.

March 20, 2006.

R. Wayne McMillan, Pasadena, California, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Beverly M. Russell, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of these petitions for review of two decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review docketed under 04–4490–ag is DISMISSED as untimely and the petition for review docketed under 04–6366–ag is DENIED.

Myo Kywe, though counsel, petitions for review of the orders of the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") and his later motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter the petition for review docketed under 04–4490–ag was untimely filed since it was not filed within 30 days of the May 28, 2003 order of the BIA. Therefore, that appeal is dismissed on that basis. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. I.N.S.,* 268 F.3d 74, 75 (2d Cir.2001).

Turning to Kywe's petition for review docketed under 04–6366–ag, this Court re-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

views the BIA's denial of a motion to reopen or for reconsideration for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *See id.* at 233–34.

This Court has held that "[e]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *See Iavorski v. U.S. I.N.S.,* 232 F.3d 124, 134 (2d Cir.2000) (internal quotation marks and citation omitted). Although there is some dispute as to whether Kywe's prior attorney actually advised Kywe of his right to pursue an appeal in this Court, Kywe is not entitled to equitable tolling because he does not establish due diligence. Despite having knowledge that his claim had been denied by the BIA, Kywe waited approximately seven months before contacting his new counsel about his appeal, and another six months before filing the motion to reopen—one year after the 90–day filing deadline. Because the BIA did not abuse its discretion in finding that Kywe had failed to exercise due diligence to preserve his appeal, the motion was properly denied. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review docketed under 04–4490–ag is DISMISSED and the petition for review docketed under 04–6366–ag is DENIED. Having completed our review, any stay of removal that the Court previously granted in these proceedings is VACATED, and any pending motion for a stay of removal

is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).