

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# Scott v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2691

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Scott v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2691
_____

GREGORY SCOTT,

Petitioner

v.

*ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

(*Amended pursuant to Clerk's Order of 6/16/05)
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A77 322 711)
Immigration Judge: Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  March 22, 2006)
_____

OPINION
_____

PER CURIAM

Gregory Scott, a native and citizen of Belize, petitions for review of a final order of

the Board of Immigration Appeals ("BIA").  The respondent, the Attorney General, has

moved to dismiss, contending that the petition for review was not timely filed. We agree. Thus, we will grant the motion to dismiss, and will dismiss the petition for review.

Scott first entered the United States in 1997. Thereafter, he was arrested in Chicago, Illinois, on drug charges. Scott was released on bail and traveled to Belize. In September 2000, Scott attempted to re-enter the United States. He was detained and then paroled into the country to face the pending Illinois charges. In February 2001, Scott was convicted of possession of a controlled substance (cocaine) with intent to deliver in violation of section 401(d) of the Illinois Controlled Substances Act (720 ILCS 570/401(d)).

In August 2004, Scott was charged as being removable as an alien whom a consular officer or the Attorney General had reason to believe to be an illicit trafficker in a controlled substance, see Immigration and Nationality Act ("INA") § 212(a)(2)(C)(i) [8 U.S.C. § 1182(a)(2)(C)(i)], and as an alien convicted of violating a controlled substance law, see INA § 212(a)(2)(A)(i)(II) [8 U.S.C. § 1182(a)(2)(A)(i)(II)]. An Immigration Judge ("IJ") found that Scott was removable as charged and that he was ineligible for a waiver of inadmissibility under INA § 212(h) [8 U.S.C. § 1182(h)]. The Board of Immigration Appeals ("BIA") affirmed on April 15, 2005.

On May 24, 2005, Scott filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Without taking any action on the § 2241 petition, the District Court transferred the petition to this Court for treatment as a petition for review pursuant the REAL ID Act of 2005. Pub. L. No. 109-13,

2

Div. B, 119 Stat. 231 (May 11, 2005). The respondent filed a motion to dismiss, arguing that the petition for review was untimely filed.

The REAL ID Act, which became law on May 11, 2005, amended INA § 242 so that petitions for review filed with the courts of appeals are the "sole and exclusive means for judicial review of" most orders of removal, including the order of removal at issue in this case. See INA § 242(a)(5) [8 U.S.C. § 1252(a)(5)]; see also Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir. 2005). "In so doing, the Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordon v. Attorney General, 424 F.3d 320, 326 (3d Cir. 2005) (citing Bonhometre, 414 F.3d at 445). Thus, when Scott filed his § 2241 petition on May 24, 2005, the District Court was without jurisdiction to entertain it. Indeed, after May 11, 2005, the only means for review of Scott's removal order was a petition for review.

A petition for review must be filed within 30 days of a final order of removal. See INA § 242(b)(1) [8 U.S.C. § 1252(b)(1)]; Malvoisin v. INS, 268 F.3d 74, 75 (2d Cir. 2001). The courts of appeals "may not extend the time to file" a petition for review of an order of an administrative board, such as the BIA. Fed. R. App. P. 26(b)(2); Malvoisin, 268 F.3d at 76. Because the BIA's decision was filed on April 15, 2005, Scott had until Monday, May 16, 2005 to file a timely petition for review.[1] Scott's § 2241 petition, dated May 20, 2005, was not timely.

_____

[1] The thirtieth day was Sunday, May 15, so a timely petition could have been filed the next day. See Fed. R. App. P. 26(a); Shendock v. Dir., OWCP, 893 F.2d 1458, 1461 n.6 (3d Cir. 1990) (en banc).

Under these circumstances, we will grant the government's motion to dismiss, and will dismiss the petition for review.  Scott's motion for leave to expand the record is granted.