SUMMARY ORDER
Kuan Ju Zheng (A 70 901 821) petitions for review of a BIA decision denying his motion to reconsider the denial of his motion to reopen his removal proceedings. We assume the parties’ familiarity with the underlying facts and procedural history.
We review the BIA’s denial of a motion to reconsider for abuse of discretion. See Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d. Cir.2004). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Kaur v. BIA, 413 F.3d 232, 233-34 (2d Cir.2005) (per curiam) (internal quotation marks omitted).
The BIA did not abuse its discretion in denying Zheng’s motion to reconsider. The BIA reasonably concluded that Zheng failed to provide “additional legal arguments, references to a change of law, or arguments or aspects of the case that were overlooked.”
Zheng’s motion for reconsideration merely reiterated the arguments he set forth in his motion to reopen. The BIA determined that the motion to reopen, which challenged the BIA’s denial of his appeal, was filed well beyond the 90-day *497 deadline set forth at 8 C.F.R. § 1003.2(c)(2), and that Zheng failed to make out a claim under Matter of Lazada, 19 I. & N. Dec. 637 (BIA 1988), to toll equitably that deadline. Further, although Zheng claimed that he discovered the denial of his appeal only at the time when his employment authorization application was denied—which he claimed was after the 90-day deadline had passed—he provided no evidence or details of when that employment application was denied as to justify an exception to the 90-day filing period.
The BIA also set forth that even if the motion to reopen were considered on its merits it would be denied because the material documentary evidence could have been provided during Zheng’s hearing before the IJ, and the arguments relating to credibility could have been, and in fact were, presented to the BIA on appeal. Finally, the BIA concluded that the IJ considered Zheng’s explanation for failing to set forth his wife’s alleged sterilization in his asylum application, but then rejected that explanation for several reasons, including reasons beyond the purported negligence of the Porges firm to include that claim in Zheng’s asylum application.
In moving for reconsideration of the denial of his motion to reopen, Zheng merely repeats the same arguments that the BIA already considered and rejected, as described above. Accordingly, we find no abuse of discretion in the BIA’s denial of Zheng’s motion for reconsideration.[1]
For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

. In his brief, Zheng also advances arguments regarding the IJ's credibility determination, the BIA’s denial of his appeal, and the BIA's denial of his motion to reopen. However, because Zheng did not petition this Court for review of those decisions within 30 days of the ensuing orders, we lack jurisdiction to review them. See 8 U.S.C. § 1252(a)(1); cf. Malvoisin v. I.N.S., 268 F.3d 74, 76 (2d Cir. 2001).