**Miguel Angelo Quituisaca ESPINOSA,**
**Petitioner,**

**v.**

**IMMIGRATION & CUSTOMS EN-**
**FORCEMENT ("ICE"), Alberto R.**
**Gonzales, Attorney General of the**
**United States,[1] Respondent.**

No. 03–41017.

United States Court of Appeals,
Second Circuit.

May 16, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

90

Jose L. DelCastillo, DelCastillo & Associates, Hartford, Connecticut, for Appellant.

Dori E. Richards, Special Assistant United States Attorney (David G. Iglesias, United States Attorney, Jan Elizabeth Mitchell, Assistant United States Attorney, on the brief), District of New Mexico, Albuquerque, New Mexico, for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Miguel Angelo Quituisaca Espinosa ("Quituisaca"), a native of Ecuador, petitions for review of an October 29, 2003 order of the Bureau of Immigration Affairs ("BIA") dismissing his appeal from a June 25, 2002 decision of Immigration Judge Michael W. Straus ("the IJ") ordering him removed and granting him voluntary departure. We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

The government argues that Quituisaca's petition for review was untimely. See 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); Malvoisin v. INS, 268 F.3d 74, 75 (2d Cir.2001) ("[c]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."). The BIA opinion issued on October 29, 2003, and so the petition for review was due on December 1, 2003.[2] The petition bears a "received" stamp from the office of our Clerk of Court dated December 2. But Quituisaca has submitted shipping receipts from the United Parcel Service indicating that his petition was delivered to this Court on December 1, 2003. The government has offered no reason to doubt that the petition was received on December 1 and stamped on December 2. Accordingly, we conclude that the petition was timely filed.

The government also argues that we lack jurisdiction under 8 U.S.C. § 1229c(f), which states, "No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure." In this case, voluntary departure was granted, rather than denied, so it appears that the jurisdiction-stripping provision does not apply here. See INS v. St. Cyr, 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (stating that despite specific jurisdiction-denying provisions, in immigration cases there still exists a "strong presumption in favor of judicial review of administrative action"). We need not decide this question, however,

**2.** The petition would have been due on November 28 (30 days after October 29), but that Friday was a holiday (part of the Thanksgiving weekend). Accordingly, the petition was due on the following Monday, December 1.

because even if we have jurisdiction, Quituisaca's arguments are without merit.

Quituisaca contends that he should be allowed to adjust his status because the signature that appeared on his Notice to Appear ("NTA") was not "properly authenticated." He cites to no authority requiring that signatures be "authenticated." *See* 8 U.S.C. § 1229 (setting forth procedures for issuance of an NTA); 8 C.F.R. § 239.1 (same). We note that a presumption of legitimacy is accorded to official conduct. *See Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 174–75, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004); *see also United States v. Arboleda,* 633 F.2d 985, 990 (2d Cir.1980) ("[T]here is a presumption of regularity of official action which the movant must do something to unseat."). Because Quituisaca does not offer any evidence of irregularity or governmental misconduct, his argument fails.

Quituisaca also maintains that the IJ's "interruption" and "cross examination" of him during his hearing was a violation of his due process rights. As an initial matter, we reject the government's argument that Quituisaca failed to exhaust this argument. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86–87 (2d Cir. 2005). Quituisaca's brief to the BIA argued that "the Immigration Judge violated [his] due process rights" by violating a putative rule that the IJ "is not authorized to step into the shoes of the Service Counsel." Nevertheless, Quituisaca's due process argument is without merit.

Contrary to Quituisaca's general assertion that interruption and cross examination by the IJ are impermissible, the United States Code expressly permits the IJ to "interrogate, examine, and cross-examine the alien." 8 U.S.C. § 1229a(b)(1). Indeed, "the IJ whose decision the Board reviews, unlike an Article III judge, is not merely the fact finder and adjudicator but

also has an obligation to establish the record." *Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002). The IJ's participation in the hearing did not deny Quituisaca "a full and fair opportunity to present [his] claims; nor has [he] established that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 155 (2d Cir.2006).

Finally, Quituisaca's claim that the IJ's order of voluntary departure should be vacated because his bond payment was not processed was not raised before the BIA. Therefore, this claim is unexhausted and we lack jurisdiction to hear it. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART.