

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2006

# Cazoe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2914

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Cazoe v. Atty Gen USA" (2006). *2006 Decisions.* Paper 182.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/182

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2914

TREVOR CAZOE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                              Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-771-030
(U.S. Immigration Judge: Honorable Grace A. Sease)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed November 17, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Trevor Cazoe petitions for review of the Board of Immigration Appeals' final

order of removal dated April 19, 2005.  He asks us to vacate and reverse the order and

allow him to apply for cancellation of removal, or, in the alternative, to remand for further adjudication of whether his rape conviction qualifies as an aggravated felony.

We will dismiss the petition for review for lack of jurisdiction.

## I.

Cazoe, a citizen of Trinidad and Tobago, entered the United States as a visitor in 1989. He became a conditional permanent resident in 1994, and following his marriage to a U.S. citizen, became a lawful permanent resident on February 21, 1996.

On August 24, 2004, Cazoe pleaded guilty in the Superior Court of Delaware to one count of rape in the fourth degree and two counts of third degree unlawful sexual conduct. The court sentenced Cazoe to five years in prison on the rape charge and concurrent one-year sentences on each unlawful sexual conduct charge.

On November 23, 2004, the Executive Office for Immigration Review served Cazoe with a notice to appear before an Immigration Judge to answer charges that his criminal convictions in Delaware made him eligible for removal. The basis for these immigration charges was the definition of "aggravated felony" provided in federal immigration law at 8 U.S.C. § 1101(a)(43)(A) and (F). The first of these subsections defines aggravated felony as including murder, rape or sexual abuse of a minor. The second defines aggravated felony as a "crime of violence," a term defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. The Code provides that an otherwise legal alien becomes deportable following conviction on an aggravated felony.

At Cazoe's immigration hearing on December 1, 2004, he admitted his Delaware convictions, but sought a continuance to research whether Delaware's fourth degree rape definition qualified as an "aggravated felony" under the Code.

The IJ denied the continuance and found Cazoe's convictions satisfied the Code definition of aggravated felony under both 8 U.S.C. § 1101(a)(43)(A) and (F). The IJ subsequently found by clear and convincing evidence that Cazoe was removable under the Act, and ordered him removed to Trinidad and Tobago.

On review, the Board affirmed the IJ, but only on the basis of 8 U.S.C. § 1101(a)(43)(F), determining that the Delaware crime of fourth degree rape is an aggravated felony within the meaning of the Act because it is (1) a crime of violence as defined at 18 U.S.C. § 16, and (2) the term of imprisonment is at least one year.

The Board's order, dated April 19, 2005, noted the requirement of intent to engage in an act of sexual intercourse or penetration with a non-consenting person in Delaware's fourth degree rape statute. The Board added that when committing this offense, the actor disregards a substantial risk he will have to use physical force against his victim.

 The Board's order addressed only 8 U.S.C. § 1101(a)(43)(F) (crime of violence), and expressed no opinion on whether Cazoe's convictions qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43)(A) (rape or sexual abuse of a minor).

Cazoe filed a petition for a writ of habeas corpus (28 U.S.C. § 2241) with the District Court, though the exact date of the filing is in dispute. Official court records recite the petition was not filed until May 23, 2005. But the statutory thirty-day time limit

3

for making this filing ran four days earlier, on May 19, 2005. Cazoe contends he filed the petition on May 19, 2005, submitting copies of three District Court forms – a civil cover sheet, a designation form and a case management form – each signed by Cazoe's attorney and dated May 19, 2005, the final day of the statutory time for filing. But these documents also bear the handwritten date May 23, 2005, circled and in darker ink. None of the documents bear any stamp or signature of any court official indicating the date of receipt. Court records only show the petition was filed on May 23, 2005, four days after the statutory time limit for filing had run.

Nonetheless, the District Court treated Cazoe's petition as a petition for review under transfer provisions of the newly effective Real ID Act of 2005, Pub. L. 109-13 § 106 (codified in a note following 8 U.S.C. § 1252) and transferred it to this court. In June 2005, the government filed a motion to dismiss for lack of jurisdiction because the Board's order was based on Cazoe's conviction for an aggravated felony. We referred this motion to the merits panel. In December 2005, after Cazoe filed an opening brief, the government filed another motion to dismiss for lack of jurisdiction because the petition for review was untimely. We also referred this motion to the merits panel.

At some point after filing his original habeas corpus petition, Cazoe was removed to Trinidad and Tobago. Subsequent to his removal, we granted a stay of removal on September 13, 2005.

II.

We have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review" under 8 U.S.C. § 1252 (a)(2)(D). Purely legal questions are reviewed de novo. *Kamara v. Attorney General*, 420 F.3d 202, 211 (3d Cir. 2005). Substantial deference is given to the Board's construction of the Immigration and Nationality Act because it is the agency charged with administering the Act. *See Acosta v. Ashcroft*, 341 F.3d 218, 222 (3d Cir. 2003). But we owe no deference to the Board's interpretation of state and federal criminal laws.

III.

The government contends we have no jurisdiction to hear this appeal because it was not timely filed. We agree.

An appeal for review of a final Board order must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The Real ID Act, which came into effect on May 11, 2005, directed district courts to transfer to the appropriate court of appeals any cases then pending which were brought under 28 U.S.C. § 2241 as challenges to a final administrative order of removal or deportation.

Cazoe filed a petition for habeas corpus (28 U.S.C. § 2241) in the District Court after the Board issued its final order on April 19, 2005. The thirty day appeal period ran on May 19, 2005. Despite Cazoe's assertions, court records clearly show his petition for habeas corpus was not filed until May 23, 2005, four days after the statutory time limit had expired. The only evidence Cazoe offers to counter this are the three court forms mentioned above, which bear both May 19 and May 23, the later date handwritten and

5

circled on each document. None of these documents bears a court seal, stamp or signature indicating the date it was received. In a January 2005 reply to a government motion to dismiss, Cazoe's counsel stated she spoke to "several employees of the clerk's office," about the discrepancy in dates and was told that May 23, 2005 was the day the filings were docketed, but not the date they were received. But Cazoe offers no evidence to support this allegation of error by the clerk, nor does he refer to these alleged conversations with court employees in his answer brief, filed three months later. Cazoe's submissions to this court give us no reason to doubt the accuracy of the official court records indicating he filed his petition on May 23, 2005. As a result, his petition for habeas corpus, insofar as it was treated as a petition for review, was not timely filed.

In any event, the petition for habeas corpus was not properly transferred to this court. The transfer provisions of the Real ID Act apply only to habeas corpus petitions pending as of the effective date of the Act. The Act was effective May 11, 2005, but Cazoe's petition was not filed until May 23, 2005. Therefore, the petition was not within the class of transferable cases described in the Act, and was not properly transferred to this court.

The District Court could nonetheless have transferred the case under 28 U.S.C. § 1631 if it found that the transfer was "in the interest of justice," but no such finding appears in the record. Furthermore, the courts of appeals "may not extend the time to file" a petition for review of an order of an administrative board, such as the Board of

6

Immigration Appeals.  Fed. R. App. P. 26(b)(2); *Malvoisin v. INS*, 268 F.3d 74, 76 (2d Cir. 2001).

Because the petition for review was not timely filed, we have no jurisdiction to hear this appeal.

IV.

For the reasons detailed we lack jurisdiction to review the Board's final order. Cazoe's petition for review will be dismissed for lack of jurisdiction.