**Emilio PANTALEON–PINEDA, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4223–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2007.

Emilio Pantaleon–Pineda, Bohemia, NY, pro se.

Margaret M. Kolbe, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Scott Dunn, Assistant United States Attorney, on the brief), Brooklyn, NY, for Respondent.

Present: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

In August 2004, Emilio Pantaleon–Pineda petitioned for a "writ of habeas corpus mandating a discretionary hearing for deferral of removal under Article III of the Convention against Torture ("CAT") and [Immigration and Naturalization Act] section 240A relief." We construe the petition as seeking review of two orders of the BIA: (1) the June 29, 2004 order of the BIA summarily affirming the May 9, 2003 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the CAT and (2) the September 16, 2004 decision denying petitioner's first motion to reopen and reconsider. In re Pantaleon Pineda, No. A70 963 397 (B.I.A. June 29, 2004), aff'g No. A 70 963 397 (Immig. Ct. N.Y. City, May 9, 2003); No. A70 963 397 (B.I.A. Sept 16, 2004). In a letter brief to this Court, Pantaleon–Pineda also purports to challenge the BIA's March 15, 2007 denial of a second motion to reopen. In re Pantaleon Pineda, No. A70 963 397 (B.I.A. Mar. 15, 2007).

In his brief, Pantaleon–Pineda has failed to provide any arguments challenging the June 2004 and September 2004 decisions of the BIA, and thus the challenge would ordinarily be deemed abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). However,

"[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir.2006) (internal quotation marks and citation omitted). Construing Pantaleon–Pineda's brief liberally, we will consider it as supporting his petition for review of the BIA's two 2004 orders because he attached them to his brief.

A review of the record reveals that the IJ did not err in denying Pantaleon–Pineda's application for asylum, withholding of removal, and CAT relief and that the BIA did not abuse its discretion in denying Pantaleon–Pineda's first motion to reopen and reconsider his claim. There was nothing in Pantaleon–Pineda's application to the IJ to support his eligibility for asylum relief. Though he claimed that he was asked for money and verbally threatened by guerillas, he did not provide evidence of their identity or claim that the attempted extortion was related to a protected ground. As Pantaleon–Pineda was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Finally, Pantaleon–Pineda was unable to show that if he returned to Guatemala it is more likely than not that he would be tortured or that any torture would be with the consent or acquiescence of the Guatemalan government. In addition, since the BIA followed established precedent and provided reasoning for its decision, it cannot be said that the BIA abused its discretion in denying Pantaleon–Pineda's first motion to reopen.

Finally, this Court lacks jurisdiction to review the BIA's March 2007 order as

Pantaleon–Pineda did not file a petition for review of the order, nor did his brief regarding the order arrive within the 30–day time period in which a petition for review of a BIA determination must be filed. *See* 8 U.S.C. 1252(b)(1). We may not extend the thirty-day deadline for such petitions even on a showing of good cause. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005); *Malvoisin v. INS,* 268 F.3d 74, 76 (2d Cir.2001).

Upon due consideration, it is hereby ORDERED that the Government's summary affirmance motion is GRANTED. The Government's motion to suspend the briefing schedule is DENIED as moot.