**Salek Ould Mohamed El MOUSTAPHA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 06–0878–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

Lamis J. Deek, Brooklyn, NY, for Petitioner.

Kevin T. Traskos, Assistant United States Attorney for Troy A. Eid, United States Attorney for the District of Colorado, Denver, CO, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Salek Ould Mohamed El Moustapha, a native and citizen of Mauritania, seeks review of a January 24, 2006 order of the BIA affirming the April 19, 2004 decision of Immigration Judge William F. Jankun denying Moustapha's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Moustapha,* No. A95 369 707 (B.I.A. Jan. 24, 2006), *aff'g In re Moustapha,* No. A95 369 707 (Immig. Ct. N.Y. City Apr. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

A petition for review of a final order of removal "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The BIA's decision in this case was issued on January 24, 2006, and Moustapha's petition for review was thus due to this Court on February 23, 2006. Even though Moustapha's petition for review is dated February 23, 2006, the Court did not actually receive it until February 27, 2006.[1] The petition was thus filed beyond the 30–day deadline.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

1. We express no view on whether Moustapha's counsel's failure to meet the filing dead-

We have held that compliance with the 30–day time limit for filing a petition for review of the BIA's final order is a jurisdictional prerequisite. *Ruiz–Martinez v. Mukasey,* 516 F.3d 102, 117–20 (2d Cir. 2008); *Malvoisin v. INS,* 268 F.3d 74, 75 (2d Cir.2001). Because Moustapha's petition was filed out of time, we lack jurisdiction to consider it.

Accordingly, the petition for review is **DISMISSED.**

line could give rise to a claim of ineffective assistance of counsel.

