**Mussad Omar MOHAMMED, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–0769–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2009.

Mussad Omar Mohammed, Brooklyn, NY, pro se.

Kristin L. Vassallo, Assistant U.S. Attorney (Michael J. Garcia, United States Attorney, on the brief), Office of the U.S. Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Mussad Omar Mohammed seeks review of a January 18, 2005—decision of the BIA that denied his motion to

reconsider its June 1, 2004 denial of Mohammed's application to reopen administrative proceedings on his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Respondent has moved to dismiss the petition for lack of jurisdiction on the ground that the petition is untimely. Pursuant to 8 U.S.C. § 1252(b)(1), a "petition for review [of a final order of the BIA] must be filed not later than 30 days after the date of the final order...." The BIA denied Mohammed's motion to reconsider on January 18, 2005, and Mohammed filed this petition on February 18, 2005—thirty-one days later. Relying, apparently, on Rule 25(a)(2)(B) of the Federal Rules of Appellate Procedure, Mohammed argues that his petition is not untimely because (1) he mailed the petition within the thirty-day period and, in the alternative, (2) when petitions are mailed, three extra days should be added to the thirty-day period. These provisions of Rule 25(a)(2)(B) are inapplicable here because, *inter alia*, they apply only to briefs and appendices, not petitions. Under our precedents, "the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite." *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001). "When a petition is filed late, we have no authority to consider it." *Id.* (internal quotation marks omitted). Accordingly, we lack jurisdiction over Mohammed's petition because it was untimely filed, and we therefore grant respondent's motion to dismiss the petition.

For the foregoing reasons, the petition for review is DISMISSED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.