**SHIMEI WANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–4937–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Eric H. Hold-

Lee Ratner, Law Offices of Michael Brown, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Shimei Wang, a native and citizen of the People's Republic of China, seeks review of an October 10, 2007 order of the BIA denying her motion to reopen. *In re Shimei Wang*, No. A079 165 879 (B.I.A. Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As a preliminary matter, we are without jurisdiction to consider Wang's challenge to the agency's underlying adverse credibility determination because she failed to file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001) ("[C]ompliance with the time limit for filing a petitioner to review the BIA's final order is a strict jurisdictional prerequisite."). The only agency order properly before us is the BIA's October 2007 denial of Wang's motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Wang's untimely and number-barred motion to reopen.

■ Wang argues that the BIA erred in denying her motion to reopen because she

er Jr. is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

submitted new, previously unavailable evidence of changed country conditions in China. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, the BIA reasonably declined to credit Wang's unauthenticated evidence given the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).