**HUI PING YANG, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–3873–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Chun W. Wong, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Sarah Maloney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Hui Ping Yang, a native and citizen of the People's Republic of China, seeks review of an August 21, 2007 order of the BIA denying her motion to reopen. *In re Hui Ping Yang*, No. A078 208 660 (B.I.A. Aug. 21, 2007). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

■ As a preliminary matter, we are without jurisdiction to consider Yang's challenge to the agency's underlying denial of her application for relief from removal because she failed to file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS,* 268 F.3d 74, 75 (2d Cir.2001) ("[C]ompliance with the time limit for filing a petitioner to review the BIA's final order is a strict jurisdictional prerequisite."). Thus, the only agency order before us is the BIA's August 2007 denial of Yang's motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ The BIA did not err in denying Yang's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which Yang submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions excusing the applicable time limitation or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consid-

er time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).