11-866-ag
Sarkar v. Holder

BIA
A073 534 922

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges.*

_____

RAJA SARKAR,
> *Petitioner,*

v.                                          11-866-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Raja Sarkar, *pro se*, East Elmhurst, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Raja Sarkar, a native and citizen of Bangladesh, seeks review of a February 17, 2011, decision of the BIA denying his motion to reopen. *In re Raja Sarkar*, No. A073 534 922 (B.I.A. Feb. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Sarkar's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Sarkar's November 2010 motion to reopen was untimely, because the BIA issued its final order of removal in 2002, and number-barred, because it is his third motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country

2

of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the agency did not abuse its discretion in denying Sarkar's motion to reopen as untimely and number barred because he failed to demonstrate changed country conditions. Contrary to his assertions in his brief, the BIA's February 2011 decision indicated that it had considered all of the evidence cited by Sarkar in support of his motion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 338 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). The BIA also did not abuse its discretion in declining to credit Sarkar's evidence that his family in Bangladesh was being harassed by Muslim fundamentalists given the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a

3

motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)).  Because Sarkar's brief does not address the BIA's conclusion that the 2009 State Department report was not, alone, sufficient to merit reopening of his case, we decline to reach that issue.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541, n.1, 545, n.7 (2d Cir. 2005).

Moreover, broadly construing Sarkar's arguments as challenging the BIA's determination that the 2009 State Department report was insufficient to demonstrate changed conditions, *see Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 120 (2d Cir. 2008), nothing in the 2009 report independently supported reopening.  The report noted that violence against religious minorities was a problem "occasionally," but that the current Bangladeshi government was "sensitive to the religious sentiments of most citizens," and had enacted a law intended to expedite the return of property expropriated from Hindus following the 1965 India-Pakistan war.  Because the 2009 report does not offer any basis for Sarkar's fear of future persecution in Bangladesh, the BIA reasonably concluded that the report did not merit the reopening of

4

Sarkar's immigration proceedings. *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent "solid support" in the record that a fear is objectively reasonable, a claim of future persecution is "speculative at best.").

Finally, we dismiss the petition with respect to Sarkar's challenge to the IJ's underlying adverse credibility determination and conduct of his November 1998 asylum hearing. We lack jurisdiction to review the IJ's or BIA's prior decisions because Sarkar timely petitioned for review only of the denial of his third motion to reopen. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001) ("[C]ompliance with the time limit for filing a petition for review of the BIA's final order is a strict jurisdictional prerequisite."); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (providing that when an alien files a timely petition for review from the denial of a motion to reopen, but not from the underlying affirmance of a removal order, review is confined to the denial of the motion).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously

granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk