**YU XIAN ZHUO, Petitioner,**

v.

**Alberto R. GONZALES [1], Attorney General of the United States, Respondent.**

**No. 04–1426–ag.**

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

**14**

Karen Jaffe, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yu Xian Zhou, though counsel, petitions for review of the February 2004 BIA decision denying her motion to reopen removal proceedings and the February 2003 BIA order in which the BIA affirmed Immigration Judge ("IJ") Michael Rocco's order denying her applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ Issues not argued in briefs submitted to this Court are considered waived and will not normally be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). Because Zhou did not meaningfully challenge the BIA's denial of her motion to reopen, this Court will not review the claim.

█ In any event, we note that the BIA properly denied Zhou's motion as untimely. This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen removal proceedings must normally be filed within ninety days of the BIA's final administrative decision. 8 C.F.R. § 1003.2(c)(1), (2). Because Zhou filed her motion to reopen approximately ten months after the BIA's denial of her appeal, Zhou's motion was untimely under this regulation. *Id.* The time limitation

does not apply to a motion to reopen that is based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if evidence of those circumstances is material and neither previously available nor discoverable at the prior hearing. 8 C.F.R. § 1003.2(c)(3)(ii). That exception does not apply here. With her motion, Zhou submitted three affidavits corroborating the events to which Zhou originally testified. This documentation was all previously available or discoverable at Zhou's removal hearing. It cannot constitute new evidence. 8 C.F.R. § 1003.2(c)(3)(ii).

To the extent that Zhou challenges the July 2001 removal order, this Court does not have jurisdiction to review the merits of Zhou's claims. *See Malvoisin v. INS*, 268 F.3d 74, 76 (2d Cir.2001). On February 26, 2003, the BIA affirmed without opinion an IJ's denial of Zhou's claims for asylum, withholding of removal, and CAT relief. Zhou's petition to this Court for review of the BIA's order was therefore due on March 28, 2003, thirty days after the BIA's order. *See* Fed. R.App. P. 26(a)(3). This Court did not receive Zhou's petition for review of the BIA's order and IJ's order of removal until March 2004, at which point it was untimely with respect to the February 26, 2003, BIA affirmance of the IJ's merits decision. Therefore, this Court does not have jurisdiction to review the merits of Zhou's claims.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).