**Yun Ying LIU, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–4219–ag.**

United States Court of Appeals, Second Circuit.

Sept. 28, 2006.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Alberto R.

Wendy Tso–Horiuchi, New York, NY, for Petitioner.

Virginia A. Gibson, Assistant United States Attorney, Chief, Civil Division (Michael Levy and Leo R. Tsao, Assistant United States Attorneys, on the brief) for Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Philadelphia, PA, for Respondent.

Present: ROBERT D. SACK, ROBERT A. KATZMANN and BARRINGTON D. PARKER, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Yun Ying Liu, a native and citizen of the People's Republic of China, petitions for review of an August 12, 2002 order of the BIA affirming the June 8, 1998 decision of Immigration Judge ("IJ") Victoria L. Ghartey denying Liu's application for asylum and withholding of removal. *In re Yun Ying Liu,* No. A 73 661 071 (B.I.A. Aug. 12, 2002), *aff'g* No. A 73 661 071 (Immig. Ct. N.Y. City June 8, 1998). Liu also petitions for review of the BIA's January 9, 2003 order denying her motion to reopen removal proceedings. *In re Yun Ying Liu,* No. A 73 661 071 (B.I.A. Jan. 9, 2003). We assume familiarity with the underlying facts and procedural history.

Regarding her first challenge, because Liu did not file a timely petition to review the BIA's 2002 order, we do not have jurisdiction to consider it. 8 U.S.C. § 1252(b)(1); *Malvoisin v. INS,* 268 F.3d 74, 75 (2d Cir.2001) ("[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite.").

Liu also challenges the BIA's denial of her motion to reopen. In January 2003, Liu sought to reopen her case based on changed circumstances. *See* 8 C.F.R. § 1003.2(c). She alleged that since filing her appeal to the BIA, she had given birth to one child in the United States, married the child's father, and was expecting a second child. If forced to return to China, Liu maintained that she would face abortion or sterilization for violating China's coercive population control policies. The BIA characterized Liu's claim as "speculative," finding that China's "coercive population control policies ..., as applied to returning families, are unclear." The BIA

went on to assert that it found "no evidence that China's coercive population control policies extend to children born outside of China." It concluded that Liu had "not established that she is prima facie eligible for asylum," and denied the motion on that basis.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where [it] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

We find that the BIA abused its discretion in denying the motion to reopen because it applied an erroneous legal standard. Although the BIA purportedly denied Liu's motion based on her failure to establish *prima facie* eligibility for asylum, in actuality it applied a higher standard by demanding evidence that would clearly establish the applicability of China's coercive population control policies to returning families with children born outside of China. On a motion to reopen, a petitioner need only establish *prima facie* eligibility for asylum, "*i.e.,* 'a realistic chance' that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005) (citation omitted).

The test, therefore, is not whether the application of China's coercive policies to returning families has been made "clear," only whether Liu has a "realistic chance" of establishing the applicability of such policies sufficient to warrant granting her motion to reopen. Contrary to the BIA's assertion, there was at least some evidence in the record before it showing that China's coercive population control policies extend to children born outside of China—in particular, a Canadian case digest alleging that China did apply those policies against a woman who had given birth to a child abroad and later returned to China.

In *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), we addressed whether a Chinese national with one child may be subject to China's population control policy after having given birth to a second child in the United States. Like Liu, the petitioner in *Shou Yung Guo* was from Changle City, in the Fujian province. In that case, the petitioner moved to reopen her removal proceedings based on 2003 decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration that addressed explicitly the sanctions applicable to Chinese nationals who have given birth while living abroad. *Id.* at 112. These documents indicate that a foreign-born child will be treated as a Chinese national for familyplanning enforcement purposes, and that, upon resettlement, Chinese citizens with foreign-born children will be sanctioned according to family-planning rules and regulations enforced at the local level. *Id.* at 112–13.

We hereby take judicial notice of the 2003 decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, as described in *Shou Yung Guo*. These decisions directly bear on the conclusions of the BIA in the present case, and undermine a significant portion of its finding that Liu failed to establish *prima facie* eligibility for asylum in support of her motion to reopen. Because we cannot confidently predict that the BIA would reach the same conclusion in light of this new information, we remand the case for the BIA to consider all of the evidence before it in light of the applicable

standard. *See Li Zu Guan v. INS*, 453 F.3d 129, 137 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is RE-MANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are also DE-NIED as moot.