XAI MEI LIU, a/k/a, Sai
Mei Liu, Petitioner,

v.

Michael B. MUKASEY, Attorney
General,[1] Respondent.

No. 07–1663–ag.

United States Court of Appeals,
Second Circuit.

March 27, 2008.

Joshua Bardavid (Peter D. Lobel, on the brief) New York, NY, for Petitioner.

Julie M. Iversen, Trial Attorney, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.[2]

### SUMMARY ORDER

Petitioner Xai Mei Liu, a/k/a Sai Mei Liu, a native and citizen of the People's Republic of China, seeks review of a March 26, 2007 order of the BIA denying Liu's motion to reopen. *In re Xai Mei Liu a.k.a. Sai Mei Liu,* No. A77 050 836 (B.I.A. Mar. 26, 2007). The BIA had previously affirmed the IJ's denial of Liu's applications for asylum and withholding of removal, *In re Xai Mei Liu,* No. A77 050 836 (B.I.A. Apr. 12, 2004), and the IJ's determination that Liu was ineligible for relief under the Convention Against Torture ("CAT"), *In re Xai Mei Liu a.k.a. Sai Mei Liu,* No. A77 050 836 (B.I.A. Oct. 31, 2006). We assume the parties' familiarity

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2. The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

with the underlying facts and procedural history in this case.

Liu challenges the BIA's denial of her motion to reopen based on ineffective assistance of counsel. Specifically, she alleges that her former counsel failed to petition this Court for review of the BIA's final order of removal, despite an express agreement to do so. To sustain a claim of ineffective assistance of counsel on a motion to reopen, Liu must comply with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), *aff'd,* 857 F.2d 10 (1st Cir.1988). *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). In addition, Liu must show she has been prejudiced by counsel's ineffective assistance, i.e., that had the appeal been made, the result would have been different. *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993). We have not previously resolved whether a petitioner may base an ineffective assistance of counsel claim, in a motion to reopen before the BIA, on counsel's failure to file a petition for review in our Court.

An alien's claim of ineffective assistance of counsel on a motion to reopen is rooted in the Fifth Amendment right to due process. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 241 (2d Cir.1992) (holding that "an alien must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause" (internal quotation marks omitted)). We have consistently upheld an alien's right to make such an ineffective assistance of counsel claim on a motion to reopen. *See Aris v. Mukasey,* 517 F.3d 595, 600–01 (2d Cir.2008) ("[W]e reiterate that due process concerns may arise when retained counsel provides representation in an immigration proceeding that falls so far short of professional duties as to impinge[ ] upon the fundamental fairness of the hearing." (internal quotation marks omitted)); *Jin Bo Zhao v. INS,* 452 F.3d 154, 157–58 (2d Cir.2006) (per curiam); *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994). An alien's constitutional right to due process does not end at the issuance of a final order of removal, *see Zadvydas v. Davis,* 533 U.S. 678, 693–94, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), and "some judicial intervention in deportation cases is unquestionably required by the Constitution," *see INS v. St. Cyr,* 533 U.S. 289, 300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (internal quotation marks omitted). Moreover, the BIA has the power to reissue a prior decision, which would be subject to a fresh petition for review, *see e.g., Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 75 (2d Cir. 2007), whereas we have no jurisdiction to consider an untimely filed petition for review, *see Malvoisin v. INS,* 268 F.3d 74, 75–76 (2d Cir.2001). At least one of our sister circuits has held that counsel's failure to file a petition for review with the circuit court amounts to performance so ineffective as to have impinged . on the alien's Fifth Amendment due process rights. *See Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1045 (9th Cir.2000); *see also Sako v. Gonzales,* 434 F.3d 857, 864 (6th Cir.2006).

We need not resolve this question, however, because Liu failed to show at the BIA and in this Court, as she is required to do, that she was prejudiced by her counsel's actions. Liu has failed to offer any evidence that an appeal of the BIA's final order had any possibility of success and therefore offers us no basis for inferring that the end result of her removal proceedings would have been different had her prior attorney filed the petition for review as he agreed to do. *See Esposito,* 987 F.2d at 111; *Rabiu,* 41 F.3d at 882 (holding that in order for petitioner to show that the attorney's failure to file an application for relief "caused him actual prejudice, he must make a prima facie showing that he would have been eligible

for the relief and that he could have made a strong showing in support of his application"). Therefore, the BIA did not abuse its discretion in denying Liu's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.