**QING DUAN ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–1106–ag.**

United States Court of Appeals, Second Circuit.

Sept. 28, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Qing Duan Zheng, a native and citizen of the People's Republic of China, seeks review of a February 27, 2009 order of the BIA denying his motion to reopen. *In re Qing Duan Zheng*, No. A077 354 304 (B.I.A. Feb. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As a preliminary matter, as the government argues, we lack jurisdiction to consider Zheng's arguments insofar as he challenges the agency's underlying denial of his application for relief from removal. This is so because Zheng failed to file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001) ("[C]ompliance with the time limit for filing a petitioner to review the BIA's final order is a strict jurisdictional prerequisite."). Thus, the only agency order before us is the BIA's February 2009 denial of Zheng's motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). The BIA did not abuse its discretion in denying Zheng's motion to reopen as untimely. There can be no dispute that the motion to reopen Zheng filed in September 2008 was untimely because the BIA entered a final order of removal in July 2003. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).

■ Furthermore, the BIA did not abuse its discretion in declining to equitably toll the time period for filing Zheng's motion to reopen because he failed to demonstrate that he exercised due diligence in

pursuing his ineffective assistance of counsel claim. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006). In order to warrant equitable tolling of the time period for filing a motion, even assuming that a movant demonstrated that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 131, 132 (2d Cir.2008). In this case, as the BIA noted, Zheng never provided any explanation for the delay in filing his motion to reopen or described any actions that he took to preserve his claim during the more than five years between the BIA's July 2003 decision dismissing his appeal and the filing of his September 2008 motion to reopen. *See id.; see also Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).