07-4501-ag
Shi v. Holder

BIA
A079 402 962

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of March, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

YUPING SHI,
> *Petitioner*,

v.                                    07-4501-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yuping Shi, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007, order of the BIA denying her motion to reconsider and reopen. *In re Yuping Shi*, No. A079 402 962 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). We confine our review to the BIA's denial of Shi's motion to reconsider and reopen because we lack jurisdiction to consider her challenges to the immigration judge's ("IJ's") underlying adverse credibility determination. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d

2

74, 75 (2d Cir. 2001) ("[C]ompliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001).

**A.   Motion to Reconsider**

The BIA did not abuse its discretion in denying Shi's motion to reconsider because she failed to specify errors of fact or law in the BIA's prior decision as required by 8 C.F.R. § 1003.2(b)(1).  *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).  In fact, in her motion to reconsider the BIA's February 2007 decision upholding an IJ's August 2005 decision, Shi's only challenges were to a different IJ's March 2003 adverse credibility determination that the BIA had vacated in an earlier appeal.

**B.  Motion to Reopen**

The BIA also did not abuse its discretion in denying Shi's motion to reopen because it reasonably determined that she failed to establish her *prima facie* eligibility for relief from removal.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  This Court has previously reviewed the agency's consideration of evidence similar to that which Shi relied on in this case and concluded that the agency does not err

3

in finding that such evidence does not demonstrate a reasonable possibility of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-73 (2d Cir. 2008) (finding that the BIA reasonably concluded that the family planning policy in Fujian province is not implemented through the use of forced sterilizations but through the use of economic rewards and penalties that do not necessarily amount to "physical or mental coercion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4