Ye v. Holder

BIA
A200 039 930
A095 716 705

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of March, two thousand ten.

PRESENT:
      ROBERT A. KATZMANN,
      PETER W. HALL,
      GERARD E. LYNCH,
         *Circuit Judges*.

———————————————————————————

ZENGWEI YE, a.k.a. ZENG WEI YE, QIN YE,
      *Petitioners*,

      v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

———————————————————————————

09-2278-ag
NAC

FOR PETITIONERS:          Yu Zhang, Law Offices of Fuhao Yang,
                          PLLC, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney
                          General; David V. Bernal, Assistant
                          Director; Lindsay E. Williams,
                          Attorney, Office of Immigration
                          Litigation, United States Department
                          of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Zengwei Ye and Qin Ye, natives and citizens of the People's Republic of China, seek review of a May 4, 2009 order of the BIA denying their motion to reopen. *In re Ye,* Nos. A200 039 930, A095 716 705 (B.I.A. May 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to consider Petitioners' arguments to the extent they challenge the agency's underlying adverse credibility determination and resulting denial of relief, because they failed to timely petition this Court for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001) (providing that where an alien timely petitions for review from the denial of a motion to reopen, but not from the underlying decision, this Court may review only the denial of the motion). The only agency decision before the Court, therefore, is the BIA's May 2009 denial of Petitioners' motion to reopen.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because the BIA entered a final order of removal on August 8, 2008, the 90-day deadline for a timely motion to reopen was November 6, 2008. *See* 8 C.F.R. § 1003.2(c)(2). Petitioners' motion was dated November 7, 2008, purportedly sent by express mail so

2

as to arrive on November 8, 2008, and received by the BIA on November 10, 2008.  There was no error in the BIA's finding that Petitioners' motion was untimely.

Apparently believing that their motion to reopen was timely, Petitioners did not address the changed country conditions exception to the filing deadline, 8 C.F.R. § 1003.2(c)(3)(ii), in their motion to reopen.  Nonetheless, the BIA considered whether Petitioners had established changed country conditions and found that they had not. Petitioners do not challenge that finding substantively before this Court, arguing instead that the BIA should not have reached this issue because they had not raised it in their motion.  Petitioners do not cite any legal authority for this contention, and it would appear that the BIA merely considered the possibility of changed country conditions in an effort to construe the untimely motion in Petitioners' favor.  The BIA's decision to reach the issue of changed country conditions was not in error.

Because Petitioners have waived any challenge to the substance of the BIA's analysis of changed country conditions, we have no basis upon which to disturb it.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).  That analysis supports the BIA's denial of Petitioners' motion to reopen.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).  We decline to consider Petitioners' remaining arguments.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3