09-4996-ag
Bhela  v. Holder

BIA
A073 669 376

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

UJJALPAL SINGH BHELA,
        *Petitioner,*

        v.                                    09-4996-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Viney K. Gupta, Orange, California.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Mary Jane Candaux,
                       Assistant Director; Kiley L. Kane,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ujjalpal Singh Bhela, a native and citizen of India, seeks review of the November 17, 2009, decision of the BIA denying his motion to reopen. *In re Ujjalpal Singh Bhela*, No. A073 669 376 (B.I.A. Nov. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The majority of the issues raised by Bhela are not properly before us. Bhela asks us to vacate his *in absentia* removal order from 1999. Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." Bhela failed to challenge the IJ's *in absentia* removal order, or the IJ's denial of his motion to reopen and rescind that order, in his 2009 motion to reopen with the BIA. Moreover, Bhela did not appeal either the 1999 IJ decision entering an *in absentia* removal order against him, or the IJ's denial of his motion to reopen proceedings in order to rescind that *in absentia* order. Accordingly, the merits of Bhela's *in absentia* removal order

2

are not properly before us, and, as a statutory matter, we lack jurisdiction to review that order. *See* 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed within thirty days of the final order of removal); *Stone v. INS*, 514 U.S. 386, 394 (1995); *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001).

Bhela also claims, for the first time in his lengthy immigration proceedings, ineffective assistance by his former counsel, who represented him in the immigration proceedings that commenced in 1997. In addition to the statutory requirement that a petitioner exhaust the categories of relief he seeks, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issue he later raises to this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Bhela failed to raise ineffective assistance of counsel in either his initial appeal to the BIA, or in his 2009 motion to reopen with the BIA, and thus, we decline to consider this unexhausted issue.

Bhela further argues that the BIA abused its discretion in denying his motion to reopen. Because Bhela's motion to

reopen was untimely, and in his motion, he alleged neither ineffective assistance of counsel, which may have tolled the time period, nor changed country conditions, which may constitute an exception to the time limit, the BIA construed the motion as a request for it to exercise its *sua sponte* authority to reopen proceedings at any time. *See* 8 C.F.R. § 1003.2(a). The BIA then found that it lacked authority to reopen proceedings because Bhela had self-executed his outstanding *in absentia* removal order. The regulations provide that a motion to reopen "shall not be made by . . . [an alien] subsequent to his or her departure from the United States." 8 C.F.R. § 1003.2(d). The BIA has interpreted this provision as depriving it of jurisdiction to exercise its *sua sponte* reopening authority after an alien has departed the United States, and we have deferred to that interpretation. *See Xue Yong Zhang v. Holder*, 617 F.3d 650, 660-61 (2d Cir. 2010); *In re Armendarez-Mendez*, 24 I. & N. Dec. 646 (B.I.A. 2008).

In concluding that it lacked jurisdiction to reopen, the BIA failed to consider either Bhela's pending self-petition as the abused spouse of a United States citizen, or the special rule governing motions to reopen by those seeking relief as the battered spouse of a United States

4

citizen. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv). However, any remand would be futile, because we can "confidently predict" that even if the agency were to consider Bhela's motion as governed by the special rule, it would deny the motion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile "when the reviewing court can 'confidently predict' that the agency would reach the same decision absent the errors that were made" (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005)). The statute governing a motion to reopen by an alien seeking relief as the abused spouse of a United States citizen provides that such a motion to reopen must be filed within one year of the final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). Bhela was ordered removed *in absentia* in 1999, and his motion to the IJ to reopen proceedings and rescind that order was denied that same year. Thus, there is no question that Bhela's 2009 motion to reopen was untimely even under the special rule for abused spouses. *See id.* Moreover, Bhela did not allege any extraordinary circumstances, or any extreme hardship to his children, that would excuse the one year filing deadline. *See id*.

For the foregoing reasons, the petition for review is

5

DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk